IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OYANGO LANAR TOLBERT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CV-370-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

On July 6, 2017, the Magistrate Judge filed a Recommendation (Doc. # 54) to which Petitioner timely objected (Doc. # 56).[1] Petitioner's claim is for ineffective assistance of counsel based on his attorney's failure to obtain a plea deal. He therefore brings the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Upon an independent and *de novo* review of the record and Recommendation, Petitioner's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

Petitioner's objection contends that his attorney, Ms. Connor, should have "discuss[ed] the possibility of a plea bargain with him." (Doc. # 56, at 4.) However,

---

[1] Petitioner filed two documents after the issuance of the Recommendation (Docs. # 55, 56), both of which are docketed as "objections." However, only the second one (Doc. # 56) objects to the Recommendation. However, to the extent that Document Number 55 contains an objection, it is due to be overruled.

the only case Petitioner offers for this proposition is *Lafler v. Cooper*, 566 U.S. 156 (2012), a Supreme Court case that affirmed the application of the Sixth Amendment right to effective assistance of counsel during plea bargaining. From *Lafler* it does not follow that Petitioner's attorney was required to bring up the possibility of a plea bargain with Petitioner. Indeed, given the fact that Petitioner had rejected the suggestion of a plea deal when his previous attorney brought it up, this court agrees with the Magistrate Judge's assessment that "it was not professionally unreasonable for Conner not to raise anew with Tolbert the possibility of pleading guilty or of seeking a plea deal after she was appointed to represent him." (Doc. # 54, at 13.) Even if it were unreasonable, *Lafler* also requires Petitioner to show

> that but for the ineffective advice [or lack thereof] of counsel[,] . . . there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

566 U.S. at 164. Petitioner could not, and did not even attempt, to establish any of these facts.

Accordingly, it is ORDERED as follows:

1. Petitioner's objections (Docs. # 55, 56) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 54) is ADOPTED; and

2

3. Petitioner's 28 U.S.C. § 2255 motion is DENIED, and this case DISMISSED with prejudice.

A final judgment will be entered separately.

DONE this 9th day of August, 2017.

                                                  /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE